**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-7259

ANTHONY D. JONES,

              Plaintiff - Appellant,

         v.

MILDRED AVALOS; SUPERINTENDENT JOYCE KORNEGAY; JOHNNY
HAWKINS,

              Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge. (5:14-ct-03272-BO)

Submitted: December 17, 2015      Decided: December 22, 2015

Before DIAZ and HARRIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Remanded by unpublished per curiam opinion.

Anthony Darnell Jones, Appellant Pro Se.  Yvonne Bulluck Ricci,
Assistant Attorney General, Raleigh, North Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Darnell Jones appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) complaint under 28 U.S.C. § 1915(e)(2)(B) (2012). Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court entered its order on June 16, 2015. Jones thereafter submitted a motion for an extension of time to file a notice of appeal and a notice of appeal. Those documents are considered filed on the date they were properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). The record, however, does not conclusively reveal when Jones delivered the motion and notice to prison officials for mailing.

The court's order denying Jones' motion for an extension of time to file a notice of appeal is also unclear. The court states that the notice of appeal was timely filed and denies Jones' motion for that reason. It is not readily apparent from the record that Jones' notice of appeal was timely filed. If,

on remand, the court concludes that Jones did not timely file his notice of appeal, it must again assess and rule on Jones' motion for an extension of time.

Accordingly, we remand the case for the limited purpose of allowing the district court to determine the date on which Jones delivered the motion for an extension of time and notice of appeal to prison officials for mailing to the court and, if the court finds the notice untimely, to rule on Jones' motion for an extension of time. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED